```
       D7ATBERA

 1     UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK
 2     ------------------------------x

 3     UNITED STATES OF AMERICA,

 4              v.                                07 CR 862 (AKH)

 5     DANIEL BERRERA BERRERA,

 6                Defendant.

 7     ------------------------------x

 8                                            New York, N.Y.
                                              July 10, 2013
 9                                            11:00 a.m.

10
       Before:
11
                     HON. ALVIN K. HELLERSTEIN,
12
                                              District Judge
13

14                        APPEARANCES

15     PREET BHARARA
            United States Attorney for the
16          Southern District of New York
       JENNA DABBS
17     BENJAMIN NAFTALIS
            Assistant United States Attorneys
18
       ROJAS OLIVA
19          Attorneys for Defendant
       RUBEN OLIVA
20
       ALSO PRESENT:  PAULA GOLD, Spanish interpreter
21                    MICHAEL ACANFORA, SA, DEA
                      DENIS KENNEDY, SA, ICE, HSI
22

23

24

25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

D7ATBERA

1              (In open court)
2              DEPUTY CLERK:  U.S. versus Berrera.  Counsel, please
3     state your appearances for the record.
4              MS. DABBS:  Jenna Dabbs and Ben Naftalis for the
5     government, and we're joined at counsel table by Special Agent
6     Michael Acanfora of the Drug Enforcement Administration and
7     Special Agent Denis Kennedy from Homeland Security
8     Investigations, Immigration Customs Enforcement.
9              Good morning, your Honor.
10             THE COURT:  Good morning, all.
11             MR. OLIVA:  Good morning, your Honor, Ruben Oliva on
12    behalf of Daniel Berrera Berrera, who is present with the aid
13    of an interpreter.
14             THE COURT:  Mr. Oliva, I have signed your motion pro
15    hac -- Mr. Leader's motion pro hac, and we shall file it, so
16    you will be the attorney in the case.
17             MR. OLIVA:  Thank you, your Honor.
18             THE COURT:  Ms. Dabbs, where do we go?
19             MS. DABBS:  Your Honor, this is Mr. Berrera's first
20    appearance after being extradited from Colombia and arriving in
21    the district yesterday afternoon at about 4:30 in the
22    afternoon.
23             THE COURT:  Does he need to be arraigned?
24             MS. DABBS:  He needs to be presented and arraigned to
25    advise him of the charge in the indictment and arraigned on

1    that charge, and then the Court will have to make a
2    determination with respect to whether he is detained or
3    released on bail conditions.
4            THE COURT:  Very well.  Ms Jones will do the
5    arraignment.
6            DEPUTY CLERK:  Mr. Berrera, please rise.
7            You are Daniel Berrera Berrera?
8            THE DEFENDANT:  Yes, your Honor.
9            DEPUTY CLERK:  Is that your attorney standing next to
10   you?
11           THE DEFENDANT:  Yes, your Honor.
12           DEPUTY CLERK:  Have you received a copy of the
13   indictment?
14           THE DEFENDANT:  Yes, your Honor.
15           DEPUTY CLERK:  Would you like me to read it to you?
16           THE DEFENDANT:  No.
17           THE COURT:  You have the right to have the indictment
18   read in open court, Mr. Berrera, but if you already know it and
19   have gone over it with your attorney, you can tell me there's
20   no need to do that.
21           MR. OLIVA:  That's correct, your Honor, we would waive
22   the reading of the indictment.
23           DEPUTY CLERK:  How do you plead?
24           MR. OLIVA:  Your Honor, I enter a plea of not guilty
25   on behalf of my client and demand a trial by jury.

1       THE COURT:  A plea of not guilty will be entered on
2  behalf of Mr. Berrera.
3       Mr. Oliva, I note the indictment reads Daniel Berrera
4  Berrera, is that correct?
5       MR. OLIVA:  That is correct, that is his name.
6       THE COURT:  So his mother's name and his father's name
7  are the same?
8       MR. OLIVA:  This is correct.
9       THE COURT:  Thank you.
10       Ms. Dabbs.
11       MS. DABBS:  Your Honor, just a couple of more points
12  with respect to Rule 5 to make sure the defendant is advised of
13  the relevant rights.  I would ask the Court to advise him that
14  he has a right not to make a statement, and any statement that
15  he might make of course can be used against him.  And the
16  government is asking that he be detained pending trial in this
17  matter.
18       THE COURT:  You understand, Mr. Berrera, that you are
19  not required to make a statement, and I understand that you are
20  aware of that because it was your attorney who entered a plea
21  of not guilty against you.  If you make a statement, of course
22  anything you say can be used against you, so I advise you of
23  those rights.
24       THE DEFENDANT:  Yes, your Honor.
25       THE COURT:  Anything further on the advice of rights,

D7ATBERA

1 Ms. Dabbs?

2 MS. DABBS:  No, your Honor.

3 THE COURT:  Mr. Oliva, anything?

4 MR. OLIVA:  No, your Honor.  In regards to bond, we
5 would stipulate to pretrial detention with leave to reapply if
6 circumstances were to vastly change.

7 THE COURT:  My policy is always to allow a
8 reapplication for some kind of release under some kind of
9 conditions.  So if your client wants that to be made and feels
10 it should be made, all you have to do is call Ms. Jones and
11 we'll schedule it.

12 MR. OLIVA:  Thank you, your Honor, that will be fine.

13 THE COURT:  Mr. Berrera will be detained.

14 MR. OLIVA:  Thank you, your Honor.

15 THE COURT:  Ms. Dabbs?

16 MS. DABBS:  Your Honor, just a couple of other points.
17 We have spoken with Mr. Oliva about a potential conflict issue
18 in connection with his representation of Mr. Berrera.  We're
19 continuing to speak with him about the posture of that and we
20 will, once we have sufficient information -- and we'll endeavor
21 to do that in very short order -- we will make a submission to
22 the Court on that subject in terms of whether there is a
23 proceeding that needs to be held at this stage or whether any
24 sort of conflict is not ripe at this time, but I wanted to
25 advise the Court of that at this juncture.

D7ATBERA

1          And with respect to the production of discovery
2   materials, we have also spoken with defense counsel, and
3   consistent with the requirements of Rule 16, the government
4   will produce discovery within a brief timeline, and we can set
5   a date for that.
6          THE COURT:  Describe the nature of the discovery that
7   you intend to produce.
8          MS. DABBS:  The nature of the discovery in the case
9   that is Rule 16 discovery consists primarily of evidence
10  relating to seizures of cocaine that were made, one off the
11  coast of Florida and one in Venezuela.  And we have reports
12  relating to those seizures, we have photographs and
13  documentation relating to those seizures.  That is the primary
14  Rule 16 discovery in the case.  We're not aware any of
15  statements by the defendant or anything of that nature.
16         THE COURT:  Describe for my benefit the indictment.
17         MS. DABBS:  Sure, Judge.  The charge contained in the
18  indictment, a one-count indictment, Mr. Berrera is charged over
19  a several year period of time with conspiring with others to
20  distribute cocaine knowing and intending that that cocaine --
21         THE COURT:  In this country?
22         MS. DABBS:  Not in this country, but knowing and
23  intending that that cocaine would be imported into the United
24  States.
25         And the reason the extradition yesterday --

D7ATBERA

1            THE COURT:  Is knowing sufficient or do you need
2   intent?
3            MS. DABBS:  I'm sorry, your Honor?
4            THE COURT:  Is knowing sufficient or do you need
5   intent?
6            MS. DABBS:  The statutory requirement is knowing and
7   intending, so you need specific intent that the cocaine is
8   going to be brought into the United States.
9            THE COURT:  So he is conspiring with the knowledge and
10  the intent to have that narcotic imported into the United
11  States?
12           MS. DABBS:  Yes, the allegations --
13           THE COURT:  Brought into the United States for
14  distribution in the United States.
15           MS. DABBS:  That is correct, your Honor.
16           THE COURT:  OK.  And is that all the Rule 16
17  production?
18           MS. DABBS:  We'll certainly make sure that there's
19  nothing else which we're aware, but at the present time the
20  discovery in the government's possession consists of what I
21  have represented to the Court.
22           THE COURT:  When would be -- and you can make that
23  within a week, Ms. Dabbs?
24           MS. DABBS:  Pursuant to the requirements of Rule 16,
25  we certainly can make that production on that timeline, Judge.

1   The only caveat that I would add to that is we expect, because
2   this defendant was extradited from Colombia, to be making a
3   request to Colombian authorities for evidence in connection
4   with this case and other investigations.  And that will
5   certainly lag behind what we can provide to defense counsel
6   now, what's currently in our possession.
7           THE COURT:  Wasn't the evidence furnished to the
8   Colombian authorities incident to the extradition?
9           MS. DABBS:  It's not -- what I am referring to is not
10  in the nature of evidence seized at the time of arrest.  And
11  Mr. Berrera was actually arrested in Venezuela and subsequently
12  turned over to the Colombian authorities.  So certainly any
13  evidence obtained from him in connection with his arrest, that
14  would have been provided to or that was provided to Colombian
15  authorities and would have been provided to U.S. law
16  enforcement, and I'm actually not aware of there being anything
17  of that nature.
18          But Mr. Berrera has been -- well, we believe that
19  there may be, and I'm not in a position to represent to the
20  Court at this time what the nature might be, but we believe
21  there may be other information and evidence that could be
22  obtained from Colombian authorities that would be relevant to
23  the charge in the case.
24          THE COURT:  How long do you think it would take to
25  obtain the evidence?

1            MS. DABBS:  We're prepared to submit the request right

2  away, and the return time on such requests can vary, but I

3  expect it to be at least a matter of a few months, probably

4  somewhere between three and six months would be my guess.

5            THE COURT:  That's a long time.  Can't we hasten it?

6            MS. DABBS:  We can certainly make sure that -- look,

7  any time that a defendant is actually in a pending court

8  proceeding in the United States, we can make clear that we have

9  deadlines before the Court, and we're happy to do that.  And

10 obviously, Judge, if there's something that we don't obtain on

11 the timetable set by the Court, then we understand that there

12 may be evidence that's not available to us to be used in a

13 proceeding here.

14           THE COURT:  Mr. Oliva, any comments, suggestions?

15           MR. OLIVA:  No, your Honor, I concur with the

16 government.  I do -- I have been in communication with them in

17 regards to the probability of a Curcio and also in regards to

18 discovery.  We're having very productive conversations.

19           THE COURT:  Let's put them on different lines.  The

20 Curcio hearing to ascertain the nature any of conflict, the

21 significance of it, is something that I would order as soon as

22 the government is ready, if they do challenge you.  But in the

23 meantime, production will go forward.

24           MR. OLIVA:  That's correct.  I was addressing both

25 matters.  As to both matters, I'm having productive discussions

D7ATBERA

1   with the government, and I expect that both of those matters
2   are being resolved in a forthright manner, timely manner.
3              THE COURT:  When should I see you again?
4              MR. OLIVA:  Sorry, your Honor?
5              THE COURT:  When, from your point of view, should I
6   schedule the next hearing?
7              MR. OLIVA:  I would ask for at least 30 days.  Then we
8   can report back to the Court in terms of our progress on both
9   ends.
10             THE COURT:  Suppose I set a date in early September.
11  Would that be suitable?
12             MR. OLIVA:  That would be perfect.
13             THE COURT:  Ms. Dabbs?
14             MS. DABBS:  That's fine for the government, Judge.
15             DEPUTY CLERK:  September 4th at 11:00.
16             MR. OLIVA:  Thank you, your Honor.
17             THE COURT:  If, by reason of any discussions going on
18  between you, it's advantageous for everyone to postpone the
19  date, you needn't make a personal appearance, you can write me
20  a joint letter and ask for an adjournment and Ms. Jones can
21  schedule it.
22             Now I hope and I expect, Ms. Dabbs, that in the
23  interval, if any production comes into your hands, you produce
24  it immediately.
25             MS. DABBS:  Absolutely, your Honor.

D7ATBERA

1           THE COURT:  And I don't think I can require Mr. Oliva
2  to make any motions or even announce any motions by September 4
3  at this time with the uncertainty as to what additional
4  production, if any, may be forthcoming.  So we'll just have it
5  as a status conference on September 4.  Is that satisfactory,
6  folks?
7           MR. OLIVA:  Yes, your Honor, that's fair enough.
8           MS. DABBS:  Yes, your Honor.
9           THE COURT:  Motion?
10          MS. DABBS:  Yes, your Honor, the government would ask
11 that time be excluded between today and September 4th, the next
12 conference date, which will permit the government and the
13 defense to continue our conversations regarding the possible
14 conflict issue, regarding discovery, and also a possible
15 disposition of the matter.
16          MR. OLIVA:  No objection.
17          THE COURT:  Without objection, and in the interest of
18 justice, so ordered.  Thank you.
19          MR. OLIVA:  Thank you, your Honor.
20          MR. NAFTALIS:  Thank you, your Honor.
21          MS. DABBS:  Thank you, your Honor.
22                              o0o
23
24
25