E6APBARH

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4                 v.                        07 CR 862 (AKH)

5    DANIEL BARERRA-BARRERA,

6                   Defendant.

7    ------------------------------x

8                                       New York, N.Y.
                                        June 10, 2014
9                                       4:07 p.m.

10

     Before:
11
                         HON. ALVIN K. HELLERSTEIN,
12
                                            District Judge
13

14                              APPEARANCES

15

     PREET BHARARA,
16        United States Attorney for the
          Southern District of New York
17   BENJAMIN NAFTALIS
     JENNA DABBS
18        Assistant United States Attorney

19   RUBEN OLIVA
          Attorney for Defendant
20

21   WALTER MACK
          Curcio Counsel for Defendant
22
     ALSO PRESENT:  ALEX WIEDER, Spanish Interpreter
23                  SELMA MARKS, Spanish Interpreter

24

25

1               (In open court)

2               (Case called)

3          MR. NAFTALIS:  Good afternoon, your Honor.  Benjamin

4     Naftalis, and Jenna Dabbs for the government.

5          THE COURT:  Good afternoon.

6          MR. OLIVA:  Good afternoon.  Ruben Oliva on behalf of

7     Daniel Barerra-Barrera, also with the interpreter, and also is

8     Mr. Mack, the Curcio counsel that was appointed by your Honor.

9          THE COURT:  Okay.  Mr. Mack, would you kindly report.

10          MR. MACK:  Yes, your Honor.  I have had the

11     opportunity to visit with the defendant, and I went through the

12     government's letter of May 23rd, spent fairly significant time

13     with Mr. Barerra-Barrera, also mentioned what this hearing

14     could consist of, and I also mentioned some of the New York

15     State rules, as well, that could apply here.

16          And he at least told me that he understood what I was

17     describing to him and the risks to him and the concerns that

18     the Court would likely have, and he appreciated my efforts, but

19     had no further questions and intended to proceed with

20     Mr. Oliva, if the Court would permit.

21          THE COURT:  Thank you, Mr. Mack.

22          MR. MACK:  Yes, your Honor.

23          THE COURT:  Mr. Barerra-Barrera, I'm required to --

24          THE DEFENDANT:  Good afternoon, your Honor.

25          THE COURT:  Good afternoon.  I'm required to ask you a

E6APBARH

1   number of questions.  You are to answer those questions.

2   You'll be under oath; so you must tell me the truth, the whole

3   truth and nothing but the truth.  At the end of these answers,

4   I will be in a position to make a judgment as to whether or not

5   Mr. Oliva can act as your counsel or not.

6         I should begin by saying that the right to counsel is

7   critical, it's a fundamental right in the United States, and

8   provided in the Sixth Amendment in the United States

9   Constitution.  An attorney who is honored by having the ability

10  to represent people accused of a crime are required to give

11  independent and zealous services.  That is, they must do the

12  very best they can, as hard as they can, to represent the

13  interests of their client.

14        In cases of conflict, where a lawyer represents, for

15  example, other people, the judge is required to examine the

16  lawyer and the client to make sure that the advice that's given

17  can be in the best interest of the client, and to the extent

18  that there are any questions that the client is aware of and is

19  making an intelligent choice.  That's why I'm asking you these

20  questions.  Do you understand?

21        THE DEFENDANT:  Yes, your Honor.  I understand.

22        THE COURT:  All right.

23        (Defendant sworn)

24        THE DEPUTY CLERK:  Please state your full name for the

25  record.

E6APBARH

| | |
|---|---|
| 1 | THE DEFENDANT:  Daniel Barerra-Barrera. |
| 2 | THE COURT:  How old are you, sir? |
| 3 | THE DEFENDANT:  45 years old. |
| 4 | THE COURT:  Are you single or married? |
| 5 | THE DEFENDANT:  Single. |
| 6 | THE COURT:  Do you have any dependents, children? |
| 7 | THE DEFENDANT:  Yes.  Yes, your Honor. |
| 8 | THE COURT:  How many? |
| 9 | THE DEFENDANT:  Nine. |
| 10 | THE COURT:  With how many women? |
| 11 | THE DEFENDANT:  With three. |
| 12 | THE COURT:  Were you married to any of them? |
| 13 | THE DEFENDANT:  No.  I live with her, but we never got |
| 14 | married. |
| 15 | THE COURT:  Where were you born? |
| 16 | THE DEFENDANT:  Bogota, Colombia. |
| 17 | THE COURT:  Did you attend school in Colombia? |
| 18 | THE DEFENDANT:  No, your Honor. |
| 19 | THE COURT:  No grade school? |
| 20 | THE DEFENDANT:  No, your Honor. |
| 21 | THE COURT:  Were you educated at home? |
| 22 | THE DEFENDANT:  We lived in the country, and there was |
| 23 | no school. |
| 24 | THE COURT:  Do you know how to read and write? |
| 25 | THE DEFENDANT:  So-so. |

E6APBARH

1          THE COURT:  Can you read a newspaper in Spanish, of
2    course?
3          THE DEFENDANT:  Yes, in Spanish.
4          THE COURT:  Can you read the headlines?
5          THE DEFENDANT:  Yes.
6          THE COURT:  Can you read the stories under the
7    headlines?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Do you ever read magazines?
10         THE DEFENDANT:  Yes, I read them.
11         THE COURT:  Do you ever read books?
12         THE DEFENDANT:  I have read many books here.
13         THE COURT:  So we can safely say that you know how to
14   read?
15         THE DEFENDANT:  Yes.
16         THE COURT:  Can you read in any language other than
17   Spanish?
18         THE DEFENDANT:  No, only Spanish.
19         THE COURT:  Can you write Spanish?
20         THE DEFENDANT:  Yes.
21         THE COURT:  Can you write a letter?
22         THE DEFENDANT:  Yes.
23         THE COURT:  So you can read and write Spanish?
24         THE DEFENDANT:  Yes.
25         THE COURT:  And we have an interpreter to help you

E6APBARH

1    translate from English to Spanish and Spanish to English.  As

2    you stand here today, is your mind clear?

3              THE DEFENDANT:  Yes, sir.  Yes, your Honor.

4              THE COURT:  Are you taking any medicines that would

5    blur your thinking?

6              THE DEFENDANT:  No, your Honor.

7              THE COURT:  Have you taken drugs or alcohol that would

8    blur your thinking?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  Is there anything that interferes with

11   your ability to understand what's happening here today?

12             THE DEFENDANT:  No.  I understand very well, your

13   Honor.

14             THE COURT:  Now, do you understand that an indictment

15   has been filed against you in this court?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Have you had an opportunity to read the

18   indictment?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Have you discussed it with Mr. Oliva?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Have you told him everything that you know

23   of with regard to the indictment?

24             THE DEFENDANT:  Yes, your Honor.

25             THE COURT:  Are you satisfied with Mr. Oliva's

E6APBARH

1      services?

2                  THE DEFENDANT:  Satisfied, your Honor.

3                  THE COURT:  Would you like me to read the indictment

4      again to you?

5                  THE DEFENDANT:  No, your Honor.

6                  THE COURT:  You feel you know it, right?  Do you know

7      that you feel you know the indictment?  I'm not asking you to

8      plead guilty or not.

9                  THE DEFENDANT:  Yes.

10                 THE COURT:  Do you -- I just want to know that you

11     fairly believe that you understand the allegations contained in

12     the indictment.

13                 THE DEFENDANT:  I understand them very well, your

14     Honor.

15                 THE COURT:  Now, the government wrote a letter to me

16     of May 23, 2014.  I wonder if you might put it in front of him,

17     Mr. Oliva.  Have you read that letter?

18                 THE DEFENDANT:  Yes, your Honor, I read it.

19                 THE COURT:  Have you discussed this letter with

20     Mr. Oliva?

21                 THE DEFENDANT:  Yes, your Honor.

22                 THE COURT:  Now, do you understand that Mr. Oliva,

23     besides representing you, represents some other individuals,

24     each of whom is mentioned in the government's letter and each

25     of whom might possibly testify against you if this case went to

E6APBARH

1  trial?

2        It's a complicated question.  Let me break it down.

3  The letter makes reference to a number of individuals.  Did you

4  understand that?

5        THE DEFENDANT:  Yes, your Honor.

6        THE COURT:  For example, [A]?

7        THE DEFENDANT:  Yes, your Honor.

8        THE COURT:  [B]?

9        THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  [C]?

11        THE DEFENDANT:  Yes, your Honor.

12        THE COURT:  [D]?

13        THE DEFENDANT:  Yes, your Honor.

14        THE COURT:  [E]?

15        THE DEFENDANT:  Yes, your Honor.

16        THE COURT:  [F]?

17        THE DEFENDANT:  Yes, your Honor.

18        THE COURT:  Do you understand that your lawyer,

19  Mr. Oliva, represents each one of these individuals?

20        THE DEFENDANT:  Yes, I understand, your Honor.

21        THE COURT:  Does this bother you at all?

22        THE DEFENDANT:  No, it's not an impediment at all,

23  your Honor.

24        THE COURT:  A lawyer is required to give independent

25  advice to each of his clients.  That is to say, the lawyer must

E6APBARH

1    tell the client what is in the best interest of the client

2    according to the best judgment the lawyer has.

3        Do you worry that if your lawyer has the same

4    obligation to someone else, the lawyer might not be able to

5    give you independent advice that is best suited for yourself?

6        THE DEFENDANT:  I understand very well, your Honor,

7    and I feel very well with my attorney.

8        THE COURT:  I understand that.  Your attorney is a

9    fine attorney, and you know him.  And the law requires me to

10   respect the choice of an intelligent individual, such as you,

11   but it's a matter of logical understanding that two people in

12   the same situation might have different interests, and the

13   lawyer has to serve each interest.  How can a lawyer do that?

14   Do you ask yourself that question?

15       THE DEFENDANT:  In the case that I would go to trial,

16   the other clients would not prejudice me because I have never

17   had any business dealings with them, your Honor.

18       THE COURT:  But you don't know what they will say, do

19   you?

20       THE DEFENDANT:  But it's not an impediment at all,

21   your Honor.

22       THE COURT:  For example, they may something that they

23   think is true, but which you think is not true, and they may

24   see some interest of yours that they wish to compromise in some

25   fashion.  That's possible.  Are you concerned about it?

E6APBARH

1          THE DEFENDANT:  No, your Honor.  I'm fully certain of

2     what I'm saying.

3          THE COURT:  Another possible conflict -- I'm not

4     mentioning this, Mr. Barerra-Barrera, to criticize your lawyer.

5     I'm saying this because it's my obligation to discuss with you

6     possible compromises in loyalty.  I'm not saying they will

7     exist.  I'm only saying they're possible, and I'm required to

8     bring these to your attention.  Please don't feel I'm insulting

9     your intelligence or criticizing Mr. Oliva in any way because

10    I'm not.  All right?

11         THE DEFENDANT:  I understand perfectly, your Honor.

12         THE COURT:  Another thing, if one of Mr. Oliva's

13    clients wishes to plead guilty, the government will often

14    require that individual to give a full statement of what that

15    individual did.  The government requires that sometimes to try

16    to obtain cooperation and obtain information that would be

17    useful against other defendants in the case.

18         A lawyer representing both, both individuals,

19    sometimes has to experience difficulties in how much can be

20    said, how much will benefit one client and not injure another,

21    how much will benefit the other and not injure the first one.

22    And there are very delicate issues that have to be understood

23    by the lawyer, and they may not always be able to do it

24    perfectly.  Does that bother you?

25         THE DEFENDANT:  No, your Honor.  It doesn't bother me.

E6APBARH

1          THE COURT:  Now, it's not really possible for me to

2     foresee all the possibilities of conflict in Mr. Oliva's

3     representations.  I've tried to point out some that I could

4     imagine.  Can you think of any others?

5          THE DEFENDANT:  No.

6          THE COURT:  Do you understand that in every criminal

7     case each defendant is entitled to assistance of counsel whose

8     loyalty to him is undivided, who is not subject to any factor

9     that might in any way intrude upon his loyalty to your

10    interests?  In other words, do you understand that you are

11    entitled to an attorney who has only your interest in mind and

12    not anyone else's?  Do you understand that?

13         THE DEFENDANT:  I understand, your Honor.

14         THE COURT:  Have you been threatened in any way

15    regarding your choice of a lawyer?

16         THE DEFENDANT:  No, your Honor.

17         THE COURT:  Have you been put in any fear about

18    choosing a lawyer?

19         THE DEFENDANT:  No, your Honor.

20         THE COURT:  Has anyone promised you anything with

21    regard to your choice of a lawyer?

22         THE DEFENDANT:  No, your Honor.

23         THE COURT:  Has anyone told you what you must do in

24    this case?

25         THE DEFENDANT:  No, your Honor.

E6APBARH

```
1           THE COURT:  Before you engaged Mr. Oliva, did you have

2    conversations with any other lawyers about engaging some other

3    lawyer?

4           THE DEFENDANT:  I listened to several, but I chose

5    Dr. Oliva.

6           THE COURT:  Have you had the opportunity of

7    discussions with Mr. Mack?  Have you asked Mr. Mack every

8    question that came to your mind?

9           THE DEFENDANT:  All of the questions, your Honor.

10           THE COURT:  Are you satisfied that you have explored

11    the possibility of injury to you, because of a conflict, fully?

12           THE DEFENDANT:  I feel satisfied.

13           THE COURT:  After considering everything I said to you

14    today about the ways in which Mr. Oliva's representation of

15    other individuals might effect his defense of you, do you

16    believe that it is in your best interest to continue with

17    Mr. Oliva as your attorney?

18           THE DEFENDANT:  Your Honor, I will continue with

19    Dr. Oliva.

20           THE COURT:  I'm sorry?

21           THE DEFENDANT:  Your Honor, I will continue with

22    Dr. Oliva.

23           THE COURT:  Is that your wish?

24           THE DEFENDANT:  Yes, your Honor.

25           THE COURT:  Do you understand that by choosing to
```

E6APBARH

1    continue with Mr. Oliva as your attorney, you waive your right

2    to be represented by an attorney who has no other interest in

3    this case other than you?

4              THE DEFENDANT:  I understand very well, your Honor.

5              THE COURT:  And, therefore, do you knowingly and

6    voluntarily waive your right to be represented by a lawyer who

7    has no potential or conflict with anyone else?

8              THE DEFENDANT:  I will keep Dr. Oliva, your Honor.

9              THE COURT:  No.  The question is, do you knowingly and

10   voluntarily waive your right, and it's a right under the

11   Constitution, to be represented by some lawyer who has no

12   conflict whatsoever?  It doesn't mean you have to choose him.

13   It means you waive your right to such a representation.

14             THE DEFENDANT:  I waive, your Honor.  I waive.

15             THE COURT:  I need to know this because what I do not

16   wish to have is if the case turns out in a way that you did not

17   expect, I don't want you coming to apply to me and say, your

18   Honor, I didn't get a conflict-free representation.  You can't

19   ask me that anymore because you're waiving it.  Do you

20   understand?

21             THE DEFENDANT:  I understand very well, your Honor.

22             THE COURT:  And that applies not only to proceedings

23   in front of me, but also to any appeals and also to any

24   proceedings after judgment by which you seek review; do you

25   understand that?  The waiver applies to all possibilities of

E6APBARH

1   proceedings coming out of this case.  Do you understand?

2            THE DEFENDANT:  I understand very well, your Honor.

3            THE COURT:  Is there anything you wish me to explain

4   further?

5            THE DEFENDANT:  No, your Honor.  I'm satisfied.

6            THE COURT:  I hold that Mr. Barerra-Barrera has made

7   an intelligent, voluntary and knowing choice to continue to be

8   represented by Mr. Oliva; that Mr. Barerra-Barrera has waived

9   his constitutional right to conflict-free representation; and

10  that he has done so after full consultation with Mr. Mack and

11  after questioning by me.  Accordingly, I grant your wish to be

12  represented by Mr. Oliva.  And, Mr. Oliva, you remain in the

13  case.

14            MR. OLIVA:  Thank you, your Honor.

15            THE COURT:  Mr. Mack, thank you very much for your

16  assistance.

17            MR. MACK:  Thank you, your Honor.

18            THE COURT:  Okay.  You may be seated.  Thank you,

19  Mr. Mack.  You can hang around or you can --

20            THE DEFENDANT:  Thank you, your Honor.

21            THE COURT:  Mr. Naftalis, what's next?

22            MR. NAFTALIS:  I may as well make the request now,

23  your Honor.

24            THE COURT:  Say it slowly.

25            MR. NAFTALIS:  Sorry.  In the process of your colloquy

E6APBARH

1    with the defendant as to the potential conflicts with various

2    other cooperators, you made reference to the cooperator's

3    names.  I would just ask that that portion of the transcript be

4    sealed because some of those cooperators are not -- they've not

5    publicly pled.

6                 THE COURT:  Without objection?

7                 MR. OLIVA:  No objection at all, your Honor.

8                 THE COURT:  Granted.  We'll substitute in the

9    transcript A, B, C, D, E.

10                MR. NAFTALIS:  Your Honor, I've just consulted with

11   Mr. Oliva right now.  We don't have any dates on the calendar.

12   We are in the process of continuing our discussions, and

13   perhaps we could pick a date for sometime at the end of July to

14   come back and report to the Court.

15                THE COURT:  How about a date in August?

16                MR. OLIVA:  Yes, that would be even better.

17                THE COURT:  August 8 -- Off the record.

18                (Discussion off the record)

19                THE COURT:  Back on the record.  August 8th at

20   11:00 a.m.  A motion to exclude time?

21                MR. NAFTALIS:  Yes, your Honor.

22                THE COURT:  Without objection?  Motion to exclude

23   time.

24                MR. OLIVA:  No objection, your Honor.

25                THE COURT:  So done.  Thank you very much.

E6APBARH

1               MR. OLIVA:  Thank you, Judge.

2               MR. NAFTALIS:  Thank you, your Honor.

3               THE DEFENDANT:  Thank you, your Honor.

4               (Adjourned)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25